IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Dennis Bixler,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 10-0734-PHX-DGC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Robert Dennis Bixler. Doc. 1. Pursuant to a plea agreement, Petitioner pled guilty on September 12, 2006, to one count of sexual exploitation of a minor, and one count of luring a minor for sexual exploitation, a class two and class three felony, respectively, under Arizona law. Doc. 16, Exh. F, G. On October 18, 2006, Petitioner was sentenced, in accordance with the plea agreement, to 17 years in prison for the first offense and a consecutive term of lifetime probation for the second offense. Doc. 16, Exh. H.

On November 3, 2006, Petitioner filed a Notice of Post-Conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. 16, Exh. I. On April 20, 2007, Petitioner's post-conviction counsel filed a Notice of Completion of Post-Conviction Review

by Counsel; Request for 45 Day Extension to Allow Defendant to File *Pro Per* Petition for Post-Conviction Relief. Doc. 16, Exh. J. Counsel explained to the trial court that after reviewing the record she was unable to find any claims for relief to raise in a petition for post-conviction relief. Id. Petitioner then filed a Brief in Support of Petition for Post-Conviction Relief on August 30, 2007. Doc. 16, Exh. K. After briefing was completed, the trial court issued a Minute Entry filed on February 8, 2008, in which it summarily dismissed the petition upon finding that it raised no colorable claims for relief. Doc. 16, Exh. N. Petitioner filed a Petition for Review in the Arizona Court of Appeals on March 4, 2008. Doc. 16, Exh. O. The Court of Appeals denied review on December 29, 2008. Doc. 16, Exh. P. A subsequent Petition for Review in the Arizona Supreme Court was denied on April 7, 2009. Doc. 16, Exh. Q.

Petitioner filed his Petition for Writ of Habeas Corpus in this court on April 1, 2010. Doc. 1. Petitioner raises three grounds for relief in the petition, though his first ground for relief includes eleven separate claims of ineffective assistance of counsel in addition to the primary claim. In ground one, Petitioner alleges a violation of due process under the 5th, 6th and 14th Amendments based on the cumulative effect of ineffective assistance of counsel.[1] As to the specific claims of ineffective assistance, Petitioner alleges: (1) that his lawyer failed to purse pretrial motions filed by his previous lawyer before proceeding with plea negotiations; (2) that his lawyer failed to ascertain Petitioner's mental competency despite knowing the Petitioner was under psychiatric care and on psychotropic medications; (3) that his lawyer failed to assert Petitioner's rights set forth in a previously filed motion regarding the State of Arizona's subject matter jurisdiction over Petitioner's offenses; (4) that his lawyer failed to challenge prejudicial statements made by the prosecutor during the

---

[1] Petitioner names in ground one both his trial level counsel and post-conviction counsel. His specific allegations of ineffective assistance, however, appear to relate only to the performance of his trial level counsel. Moreover, under 28 U.S.C. § 2254(i), ineffective assistance of counsel during post-conviction proceedings "shall not be a ground for relief in a proceeding arising under section 2254." Accordingly, the court will only consider the allegations as they pertain to his trial level counsel, not his post-conviction counsel.

- 2 -

sentencing hearing; (5) that his lawyer made prejudicial statements during the sentencing hearing; (6) that his lawyer failed to provide a meaningful adversarial challenge to certain aspects of the state's case, including whether the images depicted were "actual children"; (7) that his lawyer coerced and encouraged Petitioner to sign a plea agreement containing multiple errors; (8) that his lawyer coerced and encouraged Petitioner to make false admissions at the change of plea hearing when Petitioner was under the fog of psychotropic medications; (9) that his lawyer allowed him to be sentenced for the completed offense of luring a minor when the facts supported only an attempted luring; (10) that his lawyer failed to challenge the state's claims, and failed to challenge discrepancies between the indictment, the plea agreement and actual evidence; and (11) that his lawyer failed to meaningfully advocate for leniency during sentencing.  In ground two, Petitioner alleges that his right to due process under the 5th, 6th and 14th Amendments was violated when he was permitted to proceed with a guilty plea while under the fog of psychotropic medications.  Petitioner contends, therefore, that the plea was not knowingly and intelligently made.  In ground three, Petitioner contends that his right to due process under the 5th, 6th and 14th Amendments was violated when the State of Arizona prosecuted him for out of state offenses over which it had no jurisdiction.  On August 20, 2010, Respondents filed an Answer to Petition for Writ of Habeas Corpus.  Doc. 16.  Petitioner then filed a Reply and a Memorandum in Support on November 4, 2010.  Doc. 21, 22.

**DISCUSSION**

Respondents contend that Petitioner's due process claim in ground one is procedurally defaulted because Petitioner failed to raise it in the state court.  Regarding the individual ineffective assistance of counsel claims in ground one, and the claim in ground two, Respondents concede that state court remedies have been properly exhausted but argue that Petitioner has failed to satisfy the standards for habeas relief.  Finally, regarding ground three, Respondents contend that Petitioner fails to raise a cognizable federal claim.

**A.	Procedural Default of Ground One Due Process Claim**

    **1.	Legal Standards**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996)).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

**2.     Application**

Petitioner's primary claim in ground one alleges a due process violation based on the cumulative effect of eleven claims of ineffective assistance of counsel. Nowhere in Petitioner's state petition for post-conviction relief does he allege that the cumulative effect of multiple instances of ineffective assistance of counsel violated his right to due process. See Doc. 16, Exh. K. Nor did he raise the claim in his petition for review to the Arizona Court of Appeals. See Doc. 16, Exh. O.[2] Petitioner raised numerous ineffective assistance of counsel claims, but he never alleged a separate constitutional violation based on their cumulative effect. See Doc. 16, Exh. K at 9-11.

By failing to present the claim in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to

---

[2] Respondents have not provided the court with a copy of the petition for review to the Arizona Supreme Court. Even if Petitioner raised the claim in that petition for review, however, it would be insufficient to satisfy the exhaustion requirement.

the state court.[3]  As a result, the claim is procedurally defaulted.  Petitioner addresses the exhaustion issue in his reply and claims that his inability to access legal resources in prison establishes cause for the default.  The court finds that Petitioner's claim of inadequate access to legal resources does not establish cause for the default, nor has he shown a miscarriage of justice to overcome the procedural default.  The court will therefore recommend that the claim be denied.

**B.     Merits Analysis of Ground One IAC Claims and Ground Two Claim**

**1.     AEDPA Standard of Review**

Under the AEDPA[4], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively

---

[3] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

[4] Antiterrorism and Effective Death Penalty Act of 1996.

- 6 -

1 unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).  Thus, the
2 "unreasonable application" clause requires the state court's application of Supreme Court law
3 to be more than incorrect or erroneous; it must be objectively unreasonable.  Lockyer v.
4 Andrade, 538 U.S. 63, 75 (2003). "When applying these standards, the federal court should
5 review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044,
6 1055 (9th Cir. 2004).

### 2. Legal Standard for Ineffective Assistance Claims

The two-prong test for demonstrating ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689.

The Strickland test also applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant who pleads guilty based on the advice of counsel may attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel fell below the level of competence demanded of attorneys in criminal cases. Id. at 56. To satisfy the second prong of the Strickland test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

In the context of a habeas petition, a petitioner must do more than demonstrate to the federal court that the state court applied <u>Strickland</u> incorrectly. <u>Bell v. Cone</u>, 535 U.S. 685, 698-99 (2002). Rather, a petitioner must demonstrate that the state court "applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Id.</u>

**a. Failure to Pursue Pretrial Motions**

As Respondents point out, Petitioner's IAC claim in ground one that his lawyer failed to pursue pretrial motions filed by his former attorney, does not identify what motions his lawyer should have pursued. Petitioner contends in his reply that he was referring to a motion by his former attorney for more time to obtain and review the grand jury transcript and prepare an appropriate challenge.[5] Petitioner's vague and conclusory claim, however, contains nothing to show that a review of the grand jury transcript would have had any impact on the charges. In his reply, Petitioner provides nothing more than self-serving and unsupported assertions that the State of Arizona failed to demonstrate to the grand jury that Petitioner transmitted images involving an "actual minor" as opposed to an adult posing as a minor.

The state trial court found after reviewing Petitioner's ineffective assistance claims that they failed to state a colorable claim for relief, and the appellate courts summarily denied review. Petitioner has not shown here that the state court's decision denying this claim was contrary to, or an unreasonable application of, Supreme Court law, or that the decision was based on an unreasonable determination of the facts. Accordingly, the court will recommend that the claim be denied.

Moroever, as a general rule, a guilty plea eliminates subsequent claims of constitutional violations that occurred before the plea. <u>United States v. Montilla</u>, 870 F.2d 549, 552 (9th Cir. 1989); <u>Marrow v. United States</u>, 772 F.2d 525, 527 (9th Cir. 1985). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who

---

[5] Petitioner also refers to a motion challenging the state court's jurisdiction but because that issue is raised as a separate ineffective assistance claim, the court will address it when it gets to that claim.

- 8 -

1 has been advised by competent counsel, may not be collaterally attacked." Mabry v.
2 Johnson, 467 U.S. 504, 508 (1984). "[O]ne who voluntarily and intelligently pleads guilty
3 to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of
4 pre-plea constitutional violations." Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert.
5 denied, 474 U.S. 981 (1985). An unconditional guilty plea "cures all antecedent
6 *constitutional* defects." United States v. Floyd, 108 F.3d 202, 204 (9th Cir.1997) (emphasis
7 in original). "When a criminal defendant has solemnly admitted in open court that he is in
8 fact guilty of the offense with which he is charged, he may not thereafter raise independent
9 claims relating to the deprivation of constitutional rights that occurred prior to the entry of
10 the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea."
11 Tollett v. Henderson, 411 U.S. 258, 267 (1973).

12 Petitioner's ineffective assistance claim for failing to challenge the grand jury
13 proceedings is not an attack on the voluntariness of the plea. Any failure by counsel to
14 pursue this issue in a pretrial motion was cured by Petitioner's subsequent unconditional
15 guilty plea. The court therefore finds that this claim is barred by Petitioner's guilty plea,
16 which provides an additional basis for the court to recommend that it be denied.

17 **b.     Failure to Determine Competency**

18 Petitioner next contends that his lawyer failed to ascertain his competency after
19 learning that Petitioner was under psychiatric care and on medication (wellbutrin and paxil).
20 Petitioner claims that his lawyer failed to challenge the court's inquiry of his ability to
21 understand the proceedings during the change of plea.

22 Petitioner goes on at length in his reply explaining the potential side effects of the
23 medication he was taking and claims that "the probability he was suffering from one or more
24 of these mind altering side effects is higher than not." Doc. 22 at 22. Petitioner claims that
25 since discontinuing those medications upon arriving at the state prison, he has reviewed what
26 occurred during the change of plea and believes his ability to comprehend the consequences
27 of his plea was affected.

28

A defendant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining the voluntariness of a guilty plea. United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991). The court may properly credit a defendant's testimony at a hearing regarding entry of a guilty plea over any subsequent declarations to the contrary. See United States v. Castello, 724 F.2d 813, 815 (9th Cir. 1984). Other than his own after the fact, self-serving claim about his ability to understand the proceedings, Plaintiff presents nothing to support his claim, and the record clearly refutes it. The transcript of the change of plea hearing reflects that Petitioner understood the questions posed to him by the judge and responded accordingly. Doc. 16, Exh. G. When the judge inquired about whether Petitioner's medication "in any way" affected his ability to understand the proceeding, Petitioner answered, "No." Doc. 16, Exh. G at 4. There is nothing in the record to suggest the judge, prosecutor, Petitioner's counsel, or Petitioner himself, had any concerns about Petitioner's ability to understand the proceedings. Absent any basis to believe Petitioner's competency to enter the plea was an issue, the failure of Petitioner's counsel to raise it was not ineffective assistance of counsel. Petitioner has, therefore, not shown that the state court's decision denying this claim was contrary to, or an unreasonable application of, Supreme Court law, or that the decision was based on an unreasonable determination of the facts. Accordingly, the court will recommend that the claim be denied.

### c. Failure to Challenge Jurisdiction

Petitioner next contends that his lawyer failed to pursue a previously filed motion challenging the State of Arizona's jurisdiction over his offenses. Petitioner fails to allege that pursuing such a motion would have made any difference.

As Respondents assert in their response to the petition, A.R.S. § 13-108(A)(1) confers jurisdiction on the State of Arizona if "[c]onduct constituting any element of the offense or a result of such conduct occurs within [the] state." Thus, by transmitting to a person in Maricopa County, Arizona, a video file containing a minor engaged in sex acts, which

1  Petitioner admitted doing, the state court had jurisdiction, regardless of where Petitioner was
2  when he sent the images.
3        Petitioner fails to offer any legitimate argument showing a motion challenging the
4  state court's jurisdiction would have been successful. In his reply, he simply contends that
5  his lawyer should have pursued the issue rather than concede it. Absent any showing of
6  prejudice, Petitioner's ineffective assistance claim for failing to challenge the state court's
7  jurisdiction must fail. Petitioner has, therefore, not shown that the state court's decision
8  denying this claim was contrary to, or an unreasonable application of, Supreme Court law,
9  or that the decision was based on an unreasonable determination of the facts. Accordingly,
10 the court will recommend that the claim be denied.
11       Additionally, like the failure to pursue a grand jury challenge claim, a claim that his
12 lawyer failed to challenge the state court's jurisdiction is not an attack on the voluntariness
13 of the plea. Any failure by counsel to pursue this issue in a pretrial motion was cured by
14 Petitioner's subsequent unconditional guilty plea. The court therefore finds that this claim
15 is barred by Petitioner's guilty plea, which provides an additional basis for the court to
16 recommend that it be denied.

17                   **d.**     **Failure to Challenge Prosecutor's Statements at Sentencing**

18       Petitioner next alleges that his lawyer provided ineffective assistance when he failed
19 to challenge prejudicial statements made by the prosecutor during the sentencing hearing.
20 In arguing for a sentence greater than the presumptive term, the prosecutor speculated about
21 Petitioner's motive in changing the designated hotel where he would take the victim (actually
22 an undercover law enforcement officer). Doc. 16, Exh. H at 5-6. The prosecutor speculated
23 that Petitioner switched the hotel to ensure that if the victim told anyone where she was
24 going, they would go to the wrong place to find her. Id. The prosecutor further stated that
25 the agents involved believed he may have been planning to kidnap the victim. Id. The
26 prosecutor conceded that she could not say this with any certainty. Id.
27       Petitioner addressed this issue during his allocution and said he did not change the
28 location for the reason argued by the prosecutor, but rather because the hotel was booked

- 11 -

up. Doc. 16, Exh. H at 12. In imposing the presumptive sentence on the first offense and probation on the second, the sentencing judge made no mention of any alleged motive in changing the hotel. Doc. 16, Exh. H at 12-13.

Under these circumstances, Petitioner has not shown ineffective assistance of counsel. Even if counsel's failure to respond or challenge the prosecutor's speculation was deficient performance, Petitioner has not shown any prejudice. Petitioner addressed the issue himself and the sentencing judge did not go along with the prosecutor's recommendation for a prison term greater than the presumptive. There's simply no evidence the judge relied on the prosecutor's speculation when imposing the sentence. Petitioner has, therefore, not shown that the state court's decision denying this claim was contrary to, or an unreasonable application of, Supreme Court law, or that the decision was based on an unreasonable determination of the facts. Accordingly, the court will recommend that the claim be denied.

### e. **Prejudicial Statements by Petitioner's Counsel**

Petitioner next alleges that his lawyer provided ineffective assistance of counsel at the sentencing hearing when he talked about the age of the person in the image Petitioner transmitted, a prior allegation in Minnesota and prior drug convictions. After reviewing the change of plea transcript and the sentencing transcript, the court finds that the statements were in no way prejudicial. Petitioner had already admitted the person in the image was under age 15, and the other statements involved information provided to the judge in the presentence report. Petitioner's claim of ineffective assistance based on his counsel's statements at the sentencing hearing has no merit and the court will recommend that it be denied.

### f. **Failure to Challenge State's Case**

Petitioner next contends that his lawyer failed to meaningfully challenge the state's assertion that the transmitted images showed "actual children." Petitioner admitted this element of the sexual exploitation of a minor offense during the change of plea proceeding. Doc. 16, Exh. G at 16-17. He presents nothing to demonstrate that a challenge to this aspect of the state's case would have been successful, thus failing to show any prejudice. Petitioner

has, therefore, not shown that the state court's decision denying this claim was contrary to, or an unreasonable application of, Supreme Court law, or that the decision was based on an unreasonable determination of the facts. Accordingly, the court will recommend that the claim be denied.

Moreover, a claim that his lawyer failed to challenge whether the images depicted actual children is not an attack on the voluntariness of the plea. Any failure by counsel to pursue this issue was cured by Petitioner's subsequent unconditional guilty plea. The court therefore finds that this claim is barred by Petitioner's guilty plea, which provides an additional basis for the court to recommend that it be denied.

### g.     Plea Agreement Contained Mistakes

Petitioner next claims that his lawyer coerced and encouraged him to sign a plea agreement that contained multiple errors. The plea agreement signed by Petitioner and filed in the state court shows minor typographical errors on page three that were corrected and initialed by the parties. Doc. 16, Exh. F. In addition, the signature line on the last page had the wrong defendant's name but that name was crossed out and Petitioner's name was handwritten in. Petitioner signed the line above his hand-written name. Id. The last page also contained an incorrect case number. Id. Petitioner has shown no evidence, besides his own allegation, that his lawyer coerced him into signing the agreement. Moreover, he has failed to provide any showing of prejudice that resulted from these minor mistakes in the plea agreement.

Petitioner's claim fails to meet the standard for ineffective assistance of counsel. As such, he has not demonstrated that the state court's decision denying this claim was contrary to, or an unreasonable application of, Supreme Court law, or that the decision was based on an unreasonable determination of the facts. Accordingly, the court will recommend that the claim be denied.

### h.     Coerced Drug-Induced Responses at Plea Hearing

Petitioner next contends that his lawyer coerced him to make false admissions at the change of plea hearing when Petitioner was under the fog of psychotropic medications. As

- 13 -

1 discussed above, the transcript from the change of plea hearing provides no support
2 whatsoever for Petitioner's contention that he was under the "fog" of psychotropic
3 medications. Doc. 16, Exh G. To the contrary, Petitioner's answers to the questions
4 presented to him during the hearing demonstrate he fully understood the proceedings,
5 including the consequences of pleading guilty.

6 Additionally, Petitioner presents nothing beyond a mere allegation to support his
7 contention that his lawyer coerced him to make false admissions to the state court. Nor has
8 Petitioner claimed that absent this coercion by his lawyer, he would not have entered the plea
9 agreement. Petitioner's claim therefore fails to meet the standard for ineffective assistance
10 of counsel. Consequently, he has not demonstrated that the state court's decision denying
11 this claim was contrary to, or an unreasonable application of, Supreme Court law, or that the
12 decision was based on an unreasonable determination of the facts. Accordingly, the court
13 will recommend that the claim be denied.

14 **i.     Allowed Plea to Completed Offense**

15 Petitioner next claims that his lawyer allowed him to be sentenced for the completed
16 offense of luring a minor when the facts supported only an attempted luring. Petitioner
17 agreed during the change of plea hearing that he was pleading guilty to luring a minor for
18 sexual exploitation. Doc. 16, Exh. G at 6. Under Arizona law, "[a] person commits luring
19 a minor for sexual exploitation by offering or soliciting sexual conduct with another person
20 knowing or having reason to know the other person is a minor." A.R.S. § 13-3554(A). The
21 factual basis provided at the hearing established that Petitioner developed an on-line
22 relationship with a person he thought was a 13 year old girl. Doc. 16, Exh. G at 18. The
23 prosecutor explained that they later started communicating by phone and that Petitioner
24 eventually traveled to Phoenix to meet the girl at a Mesa hotel for the purpose of having sex.
25 Id. The photo Petitioner sent to the girl (the basis for the first offense) "was one of several
26 that he sent in order to convince her that the acts in the photo were something that he and she
27 could enjoy doing together." Id. They had conversations to that effect by telephone and via
28 e-mail. Id. When asked if that is what happened with respect to the luring offense, Petitioner

- 14 -

1  answered, "Yes." Doc. 16, Exh. G at 19. The state court found that these facts established
2  a factual basis for the luring offense. Id.

3  Petitioner claims that the facts only supported an attempted luring but he offers no
4  specifics about how the facts he admitted failed to satisfy the elements of the offense. This
5  court agrees with the state court that the admitted facts satisfy the elements of luring a minor
6  for sexual exploitation. Thus, Petitioner's counsel was not ineffective for failing to challenge
7  the factual basis. As a result, Petitioner has not demonstrated that the state court's decision
8  denying this claim was contrary to, or an unreasonable application of, Supreme Court law,
9  or that the decision was based on an unreasonable determination of the facts. Accordingly,
10 the court will recommend that the claim be denied.

11     **j. Failure to Challenge State's Claims and Evidence**

12 Petitioner next contends that his lawyer failed to subject the state's claims to
13 meaningful adversarial challenge and failed to challenge discrepancies between the
14 indictment, plea agreement and actual evidence. The only specific example alleged by
15 Petitioner involves an alleged discrepancy regarding one of the dates Petitioner was logged
16 on to his computer. He alleges that actual computer records show he was not logged on to
17 his computer on a certain date, but that the undercover officer's logs, the indictment and the
18 plea agreement all assert that he transmitted images on that date.

19 Petitioner fails to allege any prejudice resulting from his attorney's failure to
20 challenge this issue. Petitioner's claim therefore fails to meet the standard for ineffective
21 assistance of counsel. Consequently, he has not demonstrated that the state court's decision
22 denying this claim was contrary to, or an unreasonable application of, Supreme Court law,
23 or that the decision was based on an unreasonable determination of the facts. Accordingly,
24 the court will recommend that the claim be denied.

25 Moreover, a claim that his lawyer failed to challenge an inconsistency involving the
26 date on which a certain event occurred is not an attack on the voluntariness of the plea. Any
27 failure by counsel to pursue this issue was cured by Petitioner's subsequent unconditional
28

- 15 -

1  guilty plea. The court therefore finds that this claim is barred by Petitioner's guilty plea,
2  which provides an additional basis for the court to recommend that it be denied.

### k.      Failure to Advocate for Leniency

In his last ineffective assistance claim, Petitioner contends that his lawyer failed to meaningfully advocate for leniency at his sentencing hearing and failed to challenge the State of Arizona's mandatory sentencing ranges. Regarding counsel's advocacy for leniency at sentencing, the record shows that Petitioner's claim is factually untrue. Counsel argued for the minimum sentence permitted by the plea agreement and, in addition to his own advocacy, presented evidence to support his argument, including a request for leniency from Petitioner's mother, documentation showing participation in rehabilitation programs in the jail, and a letter from Petitioner. Regarding the failure to challenge Arizona's mandatory sentencing laws for Petitioner's offenses, Petitioner has made no showing that such a challenge had a reasonable probability of succeeding.

For these reasons, Petitioner's claim fails to meet the standard for ineffective assistance of counsel. As such, he has not demonstrated that the state court's decision denying this claim was contrary to, or an unreasonable application of, Supreme Court law, or that the decision was based on an unreasonable determination of the facts. Accordingly, the court will recommend that the claim be denied.

### 3.      Ground Two Due Process Claim

Petitioner alleges in ground two that his guilty pleas were not knowingly and intelligently made because he was under the fog of psychotropic medications. He claims that this resulted in a violation of his right to due process under the 5th, 6th and 14th Amendments.

The court addressed the voluntariness of Petitioner's plea above in the claim alleging ineffective assistance of counsel for failing to ascertain Petitioner's competency. As explained above, there is nothing in the record, other than Petitioner's own self-serving

- 16 -

1 allegations and speculation, to suggest Petitioner was in a "fog" from medication such that
2 his plea was not voluntary and intelligent. To the contrary, the change of plea transcript
3 demonstrates he fully understood the proceedings. Petitioner has, therefore, not shown that
4 the state court's decision denying this due process claim was contrary to, or an unreasonable
5 application of, Supreme Court law, or that the decision was based on an unreasonable
6 determination of the facts. Accordingly, the court will recommend that the claim in ground
7 two be denied.

8 **C.     Ground Three Not a Cognizable Federal Claim**

9 Petitioner's final claim alleges that his right to due process under the 5th, 6th and 14th
10 Amendments was violated when the State of Arizona prosecuted him for out of state offenses
11 over which it had no jurisdiction. Petitioner argues that he was at his home in New Mexico
12 and that any images he transmitted were sent, as a link, to an electronic data storage location
13 in Sunnyvale, California owned by Yahoo. He claims that the undercover officer then
14 imported the images from the link in California. He argues that because he did not directly
15 transmit images to Arizona, the State of Arizona did not have jurisdiction over his conduct.

16 To be eligible for federal habeas corpus relief, a state prisoner must establish that he
17 is "in custody in violation of the Constitution or laws or treaties of the United States." 28
18 U.S.C. § 2254(a). Federal habeas corpus relief is not available for errors of state law. Lewis
19 v. Jeffers, 497 U.S. 764, 780 (1990). It is not the policy of the federal courts to re-examine
20 state court determinations of state law questions. Estelle v. McGuire, 502 U.S. 62, 67-68
21 (1991). Federal courts are without jurisdiction to review State court applications of state
22 procedural rules. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998). A petitioner may not
23 "transform a state-law issue into a federal one merely by asserting a violation of due
24 process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). "[T]he Supreme Court has
25 long settled that the Fourteenth Amendment does not assure immunity from judicial error or
26 uniformity of judicial decisions." Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006).

27 Respondents argue that the question of a state court's jurisdiction is a matter of state
28 law that is not cognizable on habeas review. The court agrees. Petitioner has not

1 demonstrated that a state court's determination regarding its own jurisdiction over a criminal 2 offense raises a potential due process violation.  Arizona's jurisdiction over Petitioner's 3 actions is a question of state law not cognizable on federal habeas review.  The court will 4 therefore recommend that ground three be denied.

**D.     Evidentiary Hearing**

Petitioner has requested that the court grant an evidentiary hearing on his claims. Based on the above analysis, the court finds that Petitioner is not entitled to an evidentiary hearing because his petition fails to raise any colorable claims for relief.  See Earp v. Ornoski, 431 F.3d 1158, 1167 (9th Cir. 2005).

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

1  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
2  recommendation.  See Fed. R. Civ. P. 72.
3      DATED this 6th day of April, 2011.

*Edward C. Voss*
United States Magistrate Judge