**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert D. Bixler,<br><br>    Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV10-0734-PHX-DGC<br><br>**ORDER** |

Robert Dennis Bixler corresponded online with an Arizona undercover officer who he thought was a 13 year old girl. Doc. 23 at 14. He emailed the girl links to visual media of a minor engaging in sex acts, along with other pictures. *Id.* at 10-11, 14. He also talked with the girl over the phone, and traveled to Phoenix for the purpose of having sex with her at a Mesa hotel. *Id.* at 14. Bixler was indicted on several counts, pled guilty to one count of sexual exploitation of a minor and one count of luring a minor for sexual exploitation, and was sentenced to 17 years' incarceration on the first count and lifetime probation on the second. *Id.* at 1.

Petitioner filed a motion for post-conviction relief, but his post-conviction counsel found that no error had occurred in the conviction process. Petitioner subsequently filed his own post-conviction brief, the arguments of which were rejected summarily by the trial court. The Arizona Court of Appeals and Arizona Supreme Court denied review. On April 1, 2010, Petitioner Bixler filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. On April 7, 2011, Magistrate Judge Edward C. Voss filed a Report & Recommendation

("R&R") that the petition, a Certificate of Appealability ("COA"), and leave to appeal *in forma pauperis* be denied. Doc. 23. Petitioner filed objections to the R&R on June 16 and also requested appointment of counsel and an evidentiary hearing. Doc. 26. The matter has been fully briefed.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake *de novo* review of those portions of the R&R to which specific objections are made. *See* § 636(b)(1)(c); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court has reviewed *de novo* Petitioner's specific objections in this case and will accept the R&R for the reasons discussed below.

# I. Discussion of Claims for Habeas Relief.

Petitioner seeks relief on three grounds: ineffective assistance of counsel, individual errors as well as cumulative effects; involuntary plea; and jurisdictional defects.

## A. Ineffective Assistance of Counsel.

The R&R concluded that the individual ineffective assistance ("IA") claims fail because (1) the pre-plea IA claims not related to voluntariness of the plea are barred by Petitioner's unconditional guilty plea and also fail for other reasons (Doc. 23 at 9, 11, 13, 15); (2) IA claims regarding prejudicial statements by counsel at the sentencing hearing have no merit (*id.* at 12); and (3) the state court's summary denial of the IA claims was not an unreasonable application of federal law or an unreasonable determination of facts (*id.* at 10, 12, 13, 14, 15, 16). The R&R also concluded that the claim for violation of due process based on the cumulative effects of 11 mistakes by trial counsel (1) was not fairly presented to the state courts, has not been exhausted, and is now procedurally defaulted; (2) cannot be excused by "inadequate access to legal resources"; and (3) does not show a miscarriage of justice so as to overcome procedural default. *Id.* at 5-6. Petitioner objects to the R&R's conclusions as incorrect. Doc. 26 at 2-11.

### 1. Pre-plea Mistakes.

The Supreme Court has held that while pre-plea constitutional violations cannot be

1 challenged on appeal or habeas, the "voluntary and intelligent character of [a] guilty plea"
2 may be collaterally attacked. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). When
3 challenging the intelligent character of the guilty plea with regard to ineffective assistance,
4 however, a petitioner "must demonstrate that the advice [of his attorney] was not 'within the
5 range of competence demanded of attorneys in criminal cases.'" *Id.* at 266. It is not
6 sufficient for a petitioner to show "that if counsel had pursued a certain factual inquiry such
7 a pursuit would have uncovered a possible constitutional infirmity in the proceedings." *Id.*
8 at 267.

While the R&R has found in part that Petitioner's challenges do not amount to an attack on the voluntariness of the plea, Petitioner argues that the pre-plea mistakes by counsel go to the "intelligent" aspect of his guilty plea. Doc. 26 at 7-9. Petitioner argues that he was not given sufficient information regarding the strength of the case against him before making the plea, that trial counsel would have found constitutional errors had the grand jury transcripts been reviewed, and that counsel failed to conduct a pre-trial investigation into the charges, opting instead to scare Petitioner into accepting a plea by impressing upon him the prospect of a heavy sentence should Petitioner invoke his right to trial. *Id.*

In reviewing ineffective-assistance claims in this circuit, "[c]ourts must be 'highly deferential' to counsel's performance . . . [and] 'the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Hein v. Sullivan*, 601 F.3d 897, 918 (9th Cir. 2010) (citation omitted). Even if attorney error is shown, a petitioner must further show with "reasonable plausibility" that but for counsel's unprofessional errors the result of the proceeding would have been different. *Leavitt v. Arave*, __ F.3d ___, 2011 WL 1844064, *7 (9th Cir. May 17, 2011). In light of the record, the Court concludes that even if attorney error is assumed, Petitioner has failed to meet the second prong above.

First, Petitioner fails to state what his maximum sentence would have been had he been convicted at trial of all indicted counts. Petitioner does, however, note that it would have been a "draconian sentence." Doc. 26 at 8. By admitting his guilt – and Petitioner is

not arguing actual innocence on habeas – Petitioner received only 17 years' imprisonment and lifetime probation. On the basis of this record, the Court cannot find that Petitioner has shown he would have made a different choice but for his counsel's alleged errors.

Second, Petitioner urges that had he known the prosecutor had the burden of proving beyond a reasonable doubt the images he sent were of real minors, he would not have accepted the plea deal. *Id.* at 18. But Petitioner does not show how this prosecutorial burden would have impaired the case against him or otherwise resulted in his acquittal. It also bears mention that this assertion is at odds with Petitioner's parallel contention that he lacked the capacity to make a voluntary choice due to psychotropic medications. Assuming Petitioner was capable of rational decision-making, the Court cannot conclude that Petitioner, knowing he engaged in the conduct the prosecution alleged, would have decided to take his chances at trial when he was admittedly staring at a "draconian sentence" if his gamble on a trial did not pan out.

Third, the R&R observed that "Petitioner's vague and conclusory claim . . . contains nothing to show that a review of the grand jury transcript would have had any impact on the charges." Doc. 23 at 8. On this basis the R&R concluded the state court's summary denial of this IA claim was not an unreasonable application of law or determination of facts. Doc. 23 at 8. Petitioner fails to show how reviewing the prosecutor's grand jury presentation would have changed the indicted counts that proceeded to trial. Moreover, Petitioner has failed to persuade the Court that a review of the transcript would have led him to make a different choice regarding the plea agreement, for the same reasons as discussed above.

In short, Petitioner has not plausibly shown that, but for counsel's alleged errors, the result of the state-court proceeding would have been different.

### 2. **Statements Made by Counsel.**

Petitioner frames the R&R's conclusions on this issue as incorrect, but fails to show how the R&R erred – other than to argue that trial counsel should have made a different argument before the trial court. Doc. 26 at 11. The R&R found trial counsel's statements were not prejudicial, and Petitioner's objections have failed to show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Leavitt*, 2011 WL 1844064, *16.

### 3. Counsel's Failure to Ascertain Mental Competency.

Petitioner asserts the R&R erred when it concluded that the record clearly refutes Petitioner's lack of competency. Doc. 26 at 9-10. The dispositive issue, however, is whether trial counsel's performance "fell below an objective standard of reasonableness" when viewed at the time of performance. *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984).

The transcript of the change of plea hearing reflects that Petitioner understood the questions posed to him by the judge and responded appropriately. Doc. 16-1. Petitioner specifically confirmed that his medications did not affect his ability to understand the nature of the proceedings in any way. *Id.* at 58. A defendant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining the voluntariness of a guilty plea. *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991). The Court may properly credit a defendant's testimony at a hearing regarding entry of a guilty plea over any subsequent declarations to the contrary. *See United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984). Given the fact that Petitioner appeared competent and responded appropriately at the plea hearing, the Court cannot determine that counsel's performance in ascertaining his competency fell below an objective standard of reasonableness.

### 4. Remaining IA Claims.

Petitioner's objection to the individual IA claims not discussed above is not sufficiently specific, and therefore the Court will adopt the R&R as to those claims.

### 5. Cumulative Error.

Petitioner argues he has shown cause excusing procedural default because he was intentionally deprived of access to Supreme Court case law and did not reasonably know he had to argue "cumulative effect." Doc. 26 at 3. Petitioner asserts that Supreme Court reporters were removed by corrections officials after *Lewis v. Casey*, 518 U.S. 346 (1996). Doc. 26 at 3. As the Court recognized in *Lewis*, however, "an inmate cannot establish

relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351. Even if Petitioner had argued "cumulative effect," the record here does not show the alleged cumulative error "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Hein*, 601 F.3d at 917 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Petitioner pled guilty pursuant to a plea agreement, received a prison sentence in the middle of the range, and avoided the alternative of a "draconian sentence" had he lost at trial (Doc. 26 at 8). As discussed in more detail above, the Court is not persuaded that counsel's cumulative conduct resulted in denial of due process.

The Court will accept the R&R and deny habeas relief as to this ground.

**B.     Voluntariness of Guilty Plea.**

The claim that the guilty plea was not voluntary due to Petitioner's use of psychotropic medications was denied by the state court, and the R&R concluded that Petitioner has not shown an unreasonable application of law or an unreasonable determination of facts. Doc. 23 at 17. Petitioner asserts this finding is erroneous. Doc. 26 at 12-13.

Petitioner fails to cite to medical evidence from a competent specialist that the medication he took in fact altered his mental capacity.[1] Moreover, elsewhere in the objection Petitioner argues that he would have made a decision to proceed to trial had he been informed of the prosecution's burden. Assuming that Petitioner was on the same medication throughout the pre-plea proceedings, the Court fails to see how – in the absence of medical evidence to the contrary – Petitioner's choice to plead guilty was not voluntary but his choice to proceed to trial would have been. Moreover, as noted above, the transcript of the change of plea hearing shows that Petitioner understood the plea colloquy and responded appropriately throughout. Doc. 16-1.

---

[1] Petitioner does not rely on the psychophysiological evaluation performed by the public defender's expert (Doc. 16-1 at 18-39), nor is this evaluation availing on this issue.

On habeas review a petitioner has the burden of substantiating his claim to relief with competent evidence. Petitioner has failed to do so here, and the Court therefore adopts the R&R and will deny relief on this ground.

**C.     Arizona's Criminal Jurisdiction.**

Petitioner argues that Arizona lacked criminal jurisdiction over him because he was at home in New Mexico when the electronic exchange took place, any media he transmitted was sent to Yahoo's California servers, and the undercover officer who posed as a minor downloaded the media from the California servers. Doc. 27 at 17. The R&R found that this argument was an issue of state law not cognizable in a habeas petition. Doc. 23 at 17:27-28. Because Petitioner has not objected specifically to this ground (Doc. 26 at 13), the Court will deny relief on this ground. The also Court notes, however, that the target of Petitioner's acts was in Arizona throughout the time when the crimes were committed (*see id.* at 10:24-27; Doc. 1 at 8).

**II.     Evidentiary Hearing, COA, and Appeal *In Forma Pauperis*.**

The R&R concluded that Petitioner is "not entitled to an evidentiary hearing because his petition fails to raise any colorable claims for relief." Doc. 26 at 18. Having reviewed the merits of Petitioner's claims as discussed above, the Court agrees. The R&R also recommended denying a COA and leave to appeal *in forma pauperis* because "Petitioner has not made a substantial showing of the denial of a constitutional right." *Id.* Petitioner has failed to establish that a COA and leave to appeal *in forma pauperis* are warranted, and the Court therefore adopts these recommendations. The Court also concludes that Petitioner has been sufficiently able to set forth his arguments, and that appointment of counsel is not warranted.

**IT IS ORDERED:**

1.  The R&R (Doc. 23) is **accepted** and the petition for writ of habeas corpus is **denied**.

2.  The Court declines to issue a Certificate of Appealability as stated above.

3. The Court denies leave to appeal *in forma pauperis* as stated above.

DATED this 12th day of August, 2011.

_____
David G. Campbell
United States District Judge